UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARQUIS TISDALE,

  Plaintiff,

 v.

COMMISSIONER OF SOCIAL
SECURITY,

  Defendant.

6:18-CV-6472
DECISION & ORDER

---

On June 25, 2018, the plaintiff, Marquis Tisdale, brought this action under the Social Security Act ("the Act"). He seeks review of the determination by the Commissioner of Social Security ("Commissioner") that he was not disabled. Docket Item 1. On February 7, 2019, Tisdale moved for judgment on the pleadings, Docket Item 9; on May 21, 2019, the Commissioner responded and cross-moved for judgment on the pleadings, Docket Item 14; and on June 10, 2019, Tisdale replied, Docket Item 15.

For the reasons stated below, this Court grants Tisdale's motion in part and denies the Commissioner's cross-motion.

## BACKGROUND

### I. PROCEDURAL HISTORY

On October 9, 2014, Tisdale applied for Supplemental Security Income. Docket Item 69. He claimed that he had been disabled since October 31, 2011, due to a back

injury as a result of a car accident, subsequent back surgeries, and numbness in his legs.  *Id.* at 69-70.

On December 24, 2014, Tisdale received notice that his application was denied because he was not disabled under the Act.  *Id.* at 69-76  He requested a hearing before an administrative law judge ("ALJ"), *id.* at 91, which was held on February 7, 2017, *id.* at 27.  The ALJ then issued a decision on May 2, 2017, confirming the finding that Tisdale was not disabled.  *Id.* at 14-21.  Tisdale appealed the ALJ's decision, but his appeal was denied, and the decision then became final.  *Id.* at 4.

## II. RELEVANT MEDICAL EVIDENCE

The following summarizes the medical evidence most relevant to Tisdale's claim.  Tisdale was examined by several different providers, but only the opinion of Rita Figueroa, M.D., is of significance to the claim of disability here.

### A. Rita Figueroa, M.D.

On December 5, 2014, Dr. Figueroa, an internist, evaluated Tisdale.  Docket Item 6 at 268.  She observed that Tisdale was "in no acute distress," had a normal gait, could "walk on his heels and toes without difficulty," did not need "help changing for [the] exam or getting on and off [the] exam table," and was "[a]ble to rise from [his] chair without difficulty."  *Id.* at 269.  Tisdale told Dr. Figueroa that he "cook[ed] once to twice a week" but did "no laundry because he [could not] do any bending."  *Id.*  He also told her that he could not "pick up heavy things" or "stand for long."  *Id.*

Dr. Figueroa diagnosed Tisdale with chronic back pain and lumbar radiculopathy.  *Id.* at 270.  Ultimately, she concluded that Tisdale "has marked limitations for bending, lifting, and carrying" and a "[m]oderate limitation to prolonged walking."  *Id.* at 271.

2

## III. THE ALJ'S DECISION

In denying Tisdale's application, the ALJ evaluated Tisdale's claim under the Social Security Administration's five-step evaluation process for disability determinations. *See* 20 C.F.R § 416.920(a)(2). At the first step, the ALJ determines whether the claimant currently is engaged in substantial gainful employment. § 416.920(a)(4)(i). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two. § 416.920(a)(4).

At step two, the ALJ decides whether the claimant is suffering from any severe impairments. § 416.920(a)(4)(i). If there are no severe impairments, the claimant is not disabled. *Id.* If there are any severe impairments, the ALJ proceeds to step three. § 416.920(a)(4).

At step three, the ALJ determines whether any severe impairment or combination of impairments meets or equals an impairment listed in the regulations. § 416.920(a)(4)(iii). If the claimant's severe impairment or combination of impairments meets or equals one listed in the regulations, the claimant is disabled. *Id.* But if the ALJ finds that no severe impairment or combination of impairments meets or equals any in the regulations, the ALJ proceeds to step four. § 416.920(a)(4).

As part of step four, the ALJ first determines the claimant's residual functional capacity ("RFC"). *See* §§ 416.920(a)(4)(iv); 416.920(d)-(e). The RFC is a holistic assessment of the claimant—addressing both severe and non-severe medical impairments—that evaluates whether the claimant can perform past relevant work or other work in the national economy. *See* § 416.945

After determining the claimant's RFC, the ALJ completes step four. § 416.920(e). If the claimant can perform past relevant work, he or she is not disabled

3

and the analysis ends. § 416.920(f). But if the claimant cannot, the ALJ proceeds to step five. §§ 416.920(a)(4)(iv); 416.920(f).

In the fifth and final step, the Commissioner must present evidence showing that the claimant is not disabled because the claimant is physically and mentally capable of adjusting to an alternative job. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. § 416.920(a)(4)(v), (g). More specifically, the Commissioner bears the burden of proving that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

In this case, the ALJ found at step one that Tisdale had not engaged in substantial gainful activity since the alleged onset date. Docket Item 6 at 16. At step two, the ALJ found that Tisdale had a "severe impairment: lumbar disc disease." *Id.*

At step three, the ALJ determined that Tisdale did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 16. More specifically, the ALJ found that Tisdale's impairment did not meet Listing 1.04 (disorders of the spine).

The ALJ then found that Tisdale had the RFC to: "perform sedentary work[1] . . . except that he can occasionally stoop, kneel, crouch, crawl, balance and climb stairs,

---

[1] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

4

and he cannot work at heights, on ladders, or with heavy machinery." *Id.* at 17 (footnote added). The ALJ explained that although "[Tisdale]'s medically determinable impairment could reasonably be expected to cause [his] alleged symptoms[,] . . . [Tisdale]'s statements concerning the intensity, persistence and limiting effects of [those] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." *Id.* at 18 . In reaching this determination, the ALJ gave "significant weight" to the opinion of Dr. Figueroa. *Id.*

At step four, the ALJ found that Tisdale had no past relevant work. *Id.* at 19. And at step five, the ALJ found that "[c]onsidering [Tisdale's] age, education, work experience, and [RFC], there [were] jobs that exist[ed] in significant numbers in the national economy that [Tisdale] could perform." *Id.* Specifically, the ALJ credited the testimony of a vocational expert that Tisdale could find work as a food-and-beverage order clerk or an addressor. *Id.* at 20.

## **STANDARD OF REVIEW**

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id.* This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla.

5

It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to correct legal principles." *Johnson*, 817 F.2d at 986.

## DISCUSSION

### I. ALLEGATIONS

Tisdale argues that the ALJ erred in finding that Tisdale could perform sedentary work and in evaluating Tisdale's subjective complaints based on improper factors. Docket Item 9-1 at 9, 12. This Court agrees that the ALJ erred prejudicially and therefore remands this matter to the Commissioner for proper consideration of whether Tisdale is able to sit for six hours during an eight-hour workday as is generally required for sedentary work. *See* SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983).

### II. ANALYSIS

The ALJ found that Tisdale had the RFC to perform sedentary work, Docket Item 6 at 17, which "generally involves up to two hours of standing or walking and six hours of sitting in an eight-hour work day," *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (citing SSR 83-10, 1983 WL 31251). But the ALJ did not address Tisdale's ability to sit, nor did the ALJ cite any evidence supporting the conclusion that Tisdale can sit for six hours during an eight-hour workday. *See Hogan v. Astrue*, 491 F. Supp. 2d 347, 354

(W.D.N.Y. 2007) (finding error in the ALJ's failure "to provide a function-by-function assessment of [the] plaintiff's ability to perform all of the exertional requirements of sedentary work," including failing to "specifically determine [the] plaintiff's ability to sit, stand, walk, lift and carry"). And that is a problem, given the evidence in the record suggesting that Tisdale could not sit for the required six hours a day.

For example, Tisdale testified that he "probably could sit in a chair like this for about 15-20 minutes before [he had] to keep adjusting [him]self." Docket Item 6 at 51. And treatment notes from 2016 indicated that Tisdale had pain when he "s[a]t too much." *Id.* at 327. But the ALJ never mentioned that testimony or the 2016 treatment notes, nor did he provide a basis for his implicit conclusion that Tisdale could sit for six of the eight hours in a workday.

The Commissioner argues that it is Tisdale's burden to demonstrate that his RFC is more restrictive than the ALJ found, Docket Item 14-1 at 12-13 (citing *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018)), and this Court agrees with that observation. But the ALJ's RFC determination still must be supported by substantial evidence. *See Smith*, 740 F. App'x at 723. And there is at least a gap in the record as to such evidence here.

As an initial matter, to the extent that "the clinical findings [in the record] were inadequate [to determine Tisdale's ability to sit], it was the ALJ's duty to seek additional information from [Tisdale's treating physicians] *sua sponte*." *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998); *see also Rosa*, 168 F.3d at 79 (explaining that "where there are deficiencies in the record, an ALJ is under an affirmative obligation to develop a claimant's medical history 'even when the claimant is represented by counsel'" (quoting

*Perez,* 77 F.3d at 47)); *Sobolewski v. Apfel,* 985 F. Supp. 300, 314 (E.D.N.Y. 1997) ("The record's virtual absence of medical evidence pertinent to the issue of plaintiff's RFC reflects the Commissioner's failure to develop the record, despite his obligation to develop a complete medical history."). Here, that duty was triggered by the evidence noted above suggesting Tisdale's inability to sit for a significant period of time and the absence of any medical evidence to the contrary.

Moreover, although the ALJ claimed that his RFC determination was "aligned with" Dr. Figueroa's opinion, Dr. Figueroa did not opine on Tisdale's ability to sit. And an ALJ cannot infer a claimant's ability to perform a certain function from an opinion's silence regarding that function. *See Rosa*, 168 F.3d at 81 (rejecting the ALJ's reliance on "reports by the consulting physicians that did not identify any serious impairments" as the basis for the ALJ's "finding that [the claimant] retained the residual functional capacity to meet the exertional demands of sedentary work"); *Mages v. Colvin*, 2017 WL 2713727, at *4 (W.D.N.Y. June 24, 2017) (rejecting the ALJ's conclusion that the claimant could perform sedentary work based on a medical opinion identifying "'mild' limitations in bending, lifting, and carrying"); *McClaney v. Astrue*, 2012 WL 3777413, at *10 (E.D.N.Y. Aug. 10, 2012) (rejecting the ALJ's determination that the claimant could perform sedentary work where none of the medical "reports include[d] a single affirmative statement that [the claimant had] no limitations on his ability to sit for extended periods of time").

The ALJ also relied on Tisdale's activity—including his attempt to start a cleaning business—as supporting the RFC determination. *See* Docket Item 6 at 18-19. But those activities, which the ALJ labeled "medium exertional self-employment," did not

8

involve prolonged sitting.  *Id.* at 19.  Nor did the treatment records to which the ALJ referred address prolonged sitting.  *Id.*

Thus, the Court finds that substantial evidence does not support the ALJ's finding that Tisdale can perform sedentary work.  Accordingly, the Court remands this matter so that the ALJ can consider whether Tisdale can sit for six hours during an eight-hour workday, as is required for sedentary work.[2]

## **CONCLUSION**

For the reasons stated above, Tisdale's motion for judgment on the pleadings, Docket Item 9, is GRANTED in part and DENIED in part, and the Commissioner's cross-motion for judgment on the pleadings, Docket Item 14, is DENIED.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.


Dated:      January 7, 2020
            Buffalo, New York


                                                            *s/ Lawrence J. Vilardo*
                                                            LAWRENCE J. VILARDO
                                                            UNITED STATES DISTRICT JUDGE

---

[2]  Tisdale also argues that the ALJ erred in evaluating Tisdale's subjective complaints based on improper factors.  Docket Item 9-1 at 12.  Because the ALJ will revisit that issue on remand, there is no need for the Court to reach it here. *See Kuhaneck v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 241, 248 (W.D.N.Y. 2019).